UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CYNTHIA CIOFFARI, individually and as :
executrix for the estate of Craig Cioffari, :
                      Petitioner, : **OPINION AND ORDER**
                       :
v. : 18 CV 4650 (VB)
                       :
WELLS FARGO BANK, N.A., :
                      Respondent. :
--------------------------------------------------------------x

Briccetti, J.:

    Petitioner Cynthia Cioffari brings this action against respondent Wells Fargo Bank, N.A. to vacate an arbitration award dated March 8, 2018 (the "award"), issued by an arbitrator for the American Arbitration Association ("AAA").

    Before the Court are petitioner's petition to vacate the award and petitioner's motion for summary judgment, or in the alternative, for a full rehearing at the AAA before a new arbitrator. (Doc. #1). Respondent moves to confirm the award. (Doc. #10).

    For the following reasons, the petition is DENIED, and respondent's motion is GRANTED.

    The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## BACKGROUND

    The following factual background is drawn from the parties' submissions in support of and in opposition to the pending petition and motion.

    On July 2, 2012, petitioner's now-deceased husband Craig Cioffari and other plaintiffs filed suit against NCUSA, LLC, in Texas state court. NCUSA counterclaimed against Craig Cioffari.

1

On August 25, 2014, the Texas state court entered judgment in favor of NCUSA against Craig Cioffari in the amount of $3,085,973, in addition to pre- and post-judgment interest and attorneys' fees. Craig Cioffari did not appeal or otherwise contest the judgment.

On February 14, 2017, the Texas state court issued an Order Requiring Turnover and Appointing Receiver ("Receivership and Turnover Order"), which appointed a receiver and gave him authority over the financial accounts, certificates of deposit, money-market accounts, and accounts held by third-parties of the plaintiffs in the Texas state court action, including Craig Cioffari.

At that time, petitioner and Craig Cioffari maintained two bank accounts at Wells Fargo as joint depositors. The Cioffaris had previously opened the accounts at Wells Fargo in New York and signed a Consumer Account Agreement (the "account agreement"). The account agreement is governed by New York law and lays out Wells Fargo's duties if it is served with legal process. Wells Fargo states it will "accept and act on any legal process [it] believe[s] to be valid, whether the process is served in person, by mail, by electronic notification, or at any banking location." (Doc. #1-5 at ECF 25).[1] The account agreement defines legal process to include "any levy, garnishment or attachment, tax levy or withholding order, injunction, restraining order, subpoena, search warrant, government agency request for information, forfeiture or seizure, and other legal process relating to your account." (Id.). The account agreement also imposes on Wells Fargo a general duty of "ordinary care":

> [Wells Fargo is] responsible for exercising "ordinary care" and complying with the Agreement. When we take an item for processing by automated means "ordinary care" does not require us to examine the item. In all other cases, ordinary care requires only that we follow standards that do not vary unreasonably from the general standards followed by similarly situated banks.

---

[1] The cited page numbers are from the Court's Electronic Case Filing system.

(Id. at ECF 24).

On February 21, 2017, Wells Fargo was served with the Receivership and Turnover Order. In response, Wells Fargo debited $565,626.78 from the Cioffaris' accounts, informed the Cioffaris of the deductions, and advised them to raise any concerns with the creditor. Wells Fargo ultimately remitted the funds to the receiver.

On March 31, 2017, Craig Cioffari died.

On August 10, 2017, petitioner commenced the underlying arbitration against respondent with the AAA before arbitrator Marcia L. Adelson.[2] Both parties cross-moved for summary judgment. Petitioner argued Wells Fargo was liable for breach of contract, because the bank did not handle petitioner's account with "ordinary care," as required by the account agreement. (Doc. #1-2 at ECF 4). More specifically, petitioner argued the bank breached the agreement by not investigating whether the Texas court's Receivership and Turnover Order was domesticated in New York before debiting the Cioffaris' accounts. Wells Fargo maintained it acted with ordinary care, complying with the account agreement's provision on receipt of legal process and handling petitioner's account in line with the standard practices of large banking institutions. Furthermore, Wells Fargo contended, laws in New York and Texas provide a safe harbor for bank garnishees complying with legal process.

On March 8, 2018, the arbitrator awarded summary judgment to Wells Fargo, finding that Wells Fargo, as a garnishee, was not liable to petitioner for breach of contract.

---

[2] Before commencing the underlying arbitration, the Cioffaris litigated briefly in federal and state courts. Craig Cioffari filed a Chapter 11 petition for bankruptcy in the United States Bankruptcy Court for the Southern District of New York shortly before his death. The bankruptcy petition was dismissed by consent on June 5, 2017. Immediately thereafter, petitioner commenced an action against the receiver and NCUSA in Supreme Court, Westchester County. That action was removed to this Court, and the parties ultimately entered into a stipulated order of settlement. Neither action is relevant to the dispute at issue here.

3

## DISCUSSION

I.  Standard of Review

In addition to the grounds for vacatur explicitly provided in the Federal Arbitration Act, 9 U.S.C. § 10(a), the Second Circuit recognizes "[a]n arbitration award may be vacated if it exhibits 'a manifest disregard of the law.'" Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004) (quoting Goldman v. Architectural Iron Co., 306 F.3d 1214, 1216 (2d Cir. 2002)). An arbitrator exhibits manifest disregard of the law when (i) "the governing law alleged to have been ignored by the arbitrator[] was well defined, explicit, and clearly applicable," and (ii) "[t]he arbitrator appreciate[d] the existence of a clearly governing legal principle but decide[d] to ignore or pay no attention to it." Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200, 209 (2d Cir. 2002).

An arbitrator does not exhibit manifest disregard of the law when the arbitrator makes a simple error in law or fails properly apply it; rather, to show manifest disregard, a party must clearly demonstrate the arbitrator "intentionally defied the law." STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC, 648 F.3d 68, 78 (2d Cir. 2011) (quotation omitted). Therefore, manifest disregard is "a doctrine of last resort—its use is limited only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply." Wallace v. Buttar, 378 F.3d at 189 (quoting Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003)). For instance, the Second Circuit has held an arbitrator exhibited manifest disregard when the arbitrator expressly declined to follow controlling Second Circuit precedent, noting the precedent was thirty-four years old and stating "[p]erhaps it is time for a new court decision." Id. at 190 (quoting N.Y. Tel. Co. v. Commc'ns Workers of Am. Local 1100, 256 F.3d 89, 91 (2d Cir. 2001) (per curiam)).

4

II.     Arbitrator's Decision

The arbitrator found Wells Fargo did not breach its agreement with petitioner, holding the account agreement's "duty of 'ordinary care' merely requires Wells Fargo to accept and act on legal process it believes to be valid"—an interpretation supported by New York law. (Doc. #1-2 at ECF 5). Moreover, the arbitrator noted that New York law protects garnishee banks from similar claims by debtors. (Id. at ECF 6 (citing N.Y. CPLR § 5209 (noting a garnishee who delivers a judgment debtor's money to a judgment creditor pursuant to an order is discharged from obligation to the debtor); Jonas v. Citibank, N.A., 414 F. Supp. 2d 411, 417 (S.D.N.Y. 2006))).

The arbitrator also found the Texas state court had personal jurisdiction over Craig Cioffari, and therefore, the Receivership and Turnover Order had extraterritorial effect under Texas law on the New York bank accounts. (Doc. #1-2 at ECF 7). As a result, according to the arbitrator, the bank's compliance with the Receivership and Turnover Order was lawful even though the Cioffaris' accounts were opened and maintained in New York.

III.    Vacatur and Confirmation

Petitioner argues the arbitrator exhibited manifest disregard of the law in holding that Wells Fargo did not breach the account agreement when the bank debited petitioner's accounts in response to the Receivership and Turnover Order.

The Court disagrees.

Petitioner cannot show the arbitrator applied the wrong law, much less "intentionally defied" it. STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC, 648 F.3d at 78.

The arbitrator's finding that the bank did not breach the account agreement and acted with ordinary care is supported by the agreement's language and New York law. See Doc. #1-5

5

at ECF 25; McCarthy v. Wachovia Bank, N.A., 759 F. Supp. 2d 265, 277–78 (E.D.N.Y. 2011) (noting "there is no requirement that a garnishee bank be required to investigate the validity of a restraining notice served upon it").

In any event, the arbitrator found the legal process was valid, because the Texas court had jurisdiction over Craig Cioffari and was able to reach the New York accounts. See Reeves v. Fed. Sav. & Loan Ins. Corp., 732 S.W.2d 380, 381–82 (Tex. App. Ct. 1987) ("It is clear that Texas law permits a court to compel a person, over whom it had jurisdiction, to turn over realty located outside the State of Texas."). On its own, this finding of personal jurisdiction is, at the very least, "colorable justification" for the arbitrator's determination that Wells Fargo did not breach the account agreement. Wallace v. Buttar, 378 F.3d at 193. Nor is New York law inconsistent on this point: If a New York court has personal jurisdiction over a debtor, certain processes can reach property located outside of New York. Koehler v. Bank of Bermuda Ltd., 12 N.Y.3d 533, 539 (2009); see also McCarthy v. Wachovia Bank, 759 F. Supp. 2d at 277–78.

Finally, under both New York and Texas law, a debtor is barred from pursuing a garnishee bank for the bank's compliance with a court order. N.Y. CPLR § 5209; Tex. Civ. Prac. & Rem. Code Ann. § 31.010(b).

Because petitioner cannot show the arbitrator manifestly disregarded the law, the Court declines to vacate the arbitration award and confirms the award. See 9 U.S.C. § 9.

## CONCLUSION

Petitioner's petition to vacate the arbitration award is DENIED.  (Doc. #1).

Respondent's motion to confirm the award is GRANTED.  (Doc. #10).

The Clerk is instructed to enter judgment accordingly and close this case.

Dated: January 7, 2019
   White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge